**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| AFS LOGISTICS, LLC | CIVIL ACTION NO. 25-2017 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| MRL HOLDCO, INC. | MAGISTRATE JUDGE McCLUSKY |

## MEMORANDUM RULING

Before this Court is the Report and Recommendation of the Magistrate Judge, Record Document 30. The Report and Recommendation granted the motion to dismiss in part, finding this Court lacks jurisdiction because AFS Logistics, LLC ("AFS") did not establish that MRL Holdco, Inc. ("MRL") has sufficient minimum contacts with Louisiana. The motion was denied to the extent it sought dismissal, and instead, transfer under 28 U.S.C. § 1406(a) was recommended. Having thoroughly reviewed the report and recommendation, the objection and response filed, and after a *de novo* review of the record, this Court **ADOPTS** the Report and Recommendation and adds our own analysis addressing the contacts AFS alleges MRL has with Louisiana.

### Background

MRL filed a Motion to Dismiss for Lack of Jurisdiction or, in the alternative, to transfer. Record Document 8. The motion was referred to the Magistrate Judge. Record Document 9. AFS filed a Memorandum in Opposition to the Motion to Dismiss or transfer. Record Document 27. The Magistrate Judge issued a Report and Recommendation granting the motion in part and denying the motion in part. Record

Document 30. AFS filed an Objection to the Report and Recommendation, Record Document 31, and MRL filed a Response to the Objection, Record Document 32.

**Standard**

The district court must review a magistrate judge's decision de novo when a party has objected. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). In conducting a de novo review, the district court examines the entire record and makes its own independent assessment of the law. *See Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983) ("[T]he statutory obligation of the district court to arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made is not satisfied by a mere review of the magistrate's report itself.").

**Analysis**

In their opposition to the motion to dismiss for lack of jurisdiction, Record Document 27, and objection to the Report and Recommendation, Record Document 31, AFS provides an extensive list of MRL's contacts that they believe are sufficient to establish purposeful availment of the forum state. In addition, AFS said that this Court has jurisdiction under a choice-of-law provision.[1] Although AFS alleges multiple contacts, "the quality of the contacts as demonstrating purposeful availment is the issue, not their number…." *See Stuart v. Spademan*, 772 F.2d 1185, 1194 (5th Cir. 1985).

AFS alleges that MRL's CEO signing the agreement, the agreement term directing payment of fees to AFS in Louisiana, and multiple strategy calls and

1 The Report and Recommendation thoroughly addressed AFS's choice-of-law argument. Record Document 30 at 7-8. The Court finds the Magistrate Judge's reasoning correct.

communications between MRL and AFS, establish sufficient minimum contacts. Record Document 27 at 11-13. However, these are all examples of contacts, even in combination, that the United States Court of Appeals for the Fifth Circuit has held to be insufficient: "mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish… minimum contacts…." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004).

AFS also claims that the agreement engaged AFS as MRL's exclusive representative and authorized AFS to act on MRL's behalf as their agent establishes purposeful availment. Record Document 27 at 11-12. They rely on the Fifth Circuit previously finding jurisdiction when a defendant established a Louisiana company as its exclusive distributor. *Standard Fittings Co. v. Sapag, S.A.*, 625 F.2d 630 (5th Cir. 1980).

In *Standard Fittings*, Sapag visited Louisiana to locate a Louisiana based company as the distributor for their products. *See id.* at 643. Standard Fittings learned of Sapag as a result of that visit and began negotiations. *Id.* After signing the agreement, Sapag visited Standard Fittings's Louisiana plant twice, communicated extensively with Standard Fittings, and sent products to the state. *Id.* at 643-644. The Fifth Circuit held the nature and quality of Sapag's contacts with Louisiana established that they wanted a Louisiana company, rather than one elsewhere, to act as the exclusive distributor of their products in North America. *See id.*

However, this case is distinguishable from the instant one. MRL did not enter into the agreement with AFS with the purpose of establishing a Louisiana based company as their exclusive representative. MRL wanted AFS rather than a Louisiana company generally, even if AFS contacted them first. For example, unlike *Standard Fittings*, MRL never visited Louisiana to find a different business who could provide services and act on its behalf. Noting that MRL points to the fact they have no warehouses or shipping operations in Louisiana, Record Document 8-2 at 7, these alleged contacts are simply based on "the mere fortuity that [AFS] happens to be a resident of [Louisiana]." *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (quoting *Patterson v. Dietze*, 764 F.2d 1145, 1147 (5th Cir. 1985). Thus, the nature and quality of MRL's contacts do not have as their purpose the establishment of AFS as their exclusive representative and agent.

Next, AFS argues the continuous services rendered by them, including weekly processing of carrier invoices, monthly billing, and advisory services, for MRL are the types of contacts that create an ongoing relationship sufficient for jurisdiction. Record Document 27 at 12. However, these actions are examples of AFS's performance, not MRL. "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *see also*, *Barnstone v. Congregation Am Echad*, 574 F.2d 286 (5th Cir. 1978) (holding that a Texas architect that worked on his drawings and models in Texas for a contract for services did not tie the out-of-state defendant to Texas).

AFS then points to the fact that MRL received and used communications prepared by AFS to sign pricing agreements and accepted $26,863.66 in parcel savings are sufficient contacts to establish jurisdiction. Record Document 27 at 13. However, these would be contacts with Arizona because MRL would have performed these actions in Arizona. MRL is an Arizona business with only one office that is in Arizona. Record Document 8-1 at 6. As noted above, the Fifth Circuit has held a plaintiff's work performed in the forum state that is to be accepted and used elsewhere is not sufficient to tie a non-resident defendant to the forum state. *See Barnstone*, 574 F.2d at 288.

Finally, AFS alleges that MRL mailing the termination letter to AFS's Shreveport, Louisiana P.O. Box as required by the agreement is a sufficient contact. Record Document 27 at 12-13. The Court disagrees. As MRL points out in their response to AFS's objection to the Report and Recommendation, a termination letter does not demonstrate purposeful availment and is in fact the opposite. A defendant purposely avails itself when it conducts activities that invoke benefits and protections of the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). MRL terminating its relationship with AFS is not invoking the benefits or protections of Louisiana.

Examining the alleged contacts independently and in combination, the Court finds they are insufficient to establish that MRL purposefully availed itself of conducting activities in Louisiana. Many of the alleged contacts demonstrate nothing more than AFS happened to be a resident of Louisiana. AFS's location in Louisiana

was insignificant to MRL, "and this case thus falls into the category of cases discussed in Holt Oil, where mere fortuity that one company happens to a [Louisiana] resident, coupled with that company's unilateral performance, is not enough to confer jurisdiction." *Moncrief Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309 (5th Cir. 2007) (citing *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986)).

**Conclusion**

For the above reasons and those set forth in the Magistrate Judge's Report and Recommendation, this Court **ADOPTS** the Report and Recommendation and **TRANSFERS** this civil action to the United States District Court for the District of Arizona for further proceedings. An order consistent with this memorandum ruling will follow.

**DONE AND SIGNED** at Shreveport, Louisiana, this 29th day of September, 2026.

Alex C. Van Hook

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE